The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Mary Ann Whipple
United States Bankruptcy Judge

Dated: February 28 2013

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **In Re:** Donald S. O'Desky, | ) | **Case No.** 12-34112 |
| | ) | |
| **Debtor.** | ) | **Chapter 7** |
| | ) | |
| | ) | **Judge Mary Ann Whipple** |
| | ) | |
| | ) | |

### ORDER RE MOTION FOR RELIEF FROM STAY AND ABANDONMENT

This case came before the court for hearing on February 28, 2012, on the Motion for Relief from Stay and Abandonment [Doc. # 23] (the "Motion") filed by Craig Kosmyna ("Movant") and Debtor's objection [Doc. # 45]. Attorney for Movant and Attorney for Debtor both appeared in person at the hearing, as did Debtor.

The property in issue is a Bechstein grand piano. It is not listed as such on Debtor's schedules. Movant argues cause for relief from stay under § 362(d)(1) and also that relief is appropriate under § 362(d)(2) because Debtor lacks equity in the piano and that it is not necessary for reorganization because this is a Chapter 7 liquidation case. The basis for his arguments under both (d)(1) and (d)(2) is that the piano was not property of Debtor and did not become property of the bankruptcy estate on filing because Movant bought it pre-petition on E-Bay and pre-petition state

court orders effected a constructive trust on the piano in his favor even though it was still in Debtor's possession when he filed this Chapter 7 case. Debtor argues that the piano was still his at filing regardless of what any state court order says, that it is of de minimis value in any event and that it is exempt. The court need not decide who is right because the Motion will be determined on the following procedural grounds, only.

The Motion was filed on December 15, 2012. Notice of the Motion was given by the court, establishing a December 31, 2012, deadline for filing responses and a January 10, 2013, preliminary hearing date. The Chapter 7 Trustee, who had initially filed a no asset report, withdrew his no asset report and filed a timely objection to the Motion. He was the only party that filed a response. The Trustee then withdrew his response and filed another no asset report, both on January 10, 2013. The preliminary hearing did not go forward. That same day, Debtor filed a motion for leave to file a late response to the Motion. The court granted that request and Debtor ultimately filed his response opposing the Motion on February 4, 2013. The court set the Motion for another preliminary hearing to be held on February 28, 2013.

In the interim, however, Debtor's Chapter 7 discharge was entered by the court on January 23, 2013. As a Chapter 7 case, entry of Debtor's discharge automatically effected partial statutory termination of the automatic stay under 11 U.S.C. § 362(c)(2) as to any actions against the Debtor and property of the Debtor, with the automatic stay replaced by the discharge injunction of 11 U.S.C. § 524(a). Thus, to the extent the Motion seeks relief from stay with respect to any action against Debtor or property of Debtor stayed under § 362(a), it will be denied as moot. The automatic stay has been statutorily overtaken by the discharge injunction now. The scope of the discharge injunction is not an issue before the court on the Motion.

Movant also seeks relief from stay as to actions against the piano and abandonment of the piano from the bankruptcy estate to the extent necessary. But the Chapter 7 Trustee, who is the proper party with standing to contest abandonment of any property of the estate, does not now oppose abandonment of the estate's interest, if any, in the piano. He has withdrawn his objection to the Motion and re-filed a no asset report. In the court's view, his no asset report and withdrawal of his objection effected abandonment of any interest of the estate in the property. *See* 11 U.S.C. § 554. Moreover, the only reason this case is still administratively open is the pendency of the Motion. Upon entry of this order, it will be administratively closed. And while Debtor did not schedule the piano as such, the Trustee was plainly made aware of it and administered it as appropriate in his

discretion as evidenced by his original objection to the Motion and withdrawal of his first no asset report. Thus the court need not determine whether the piano is or ever was property of the bankruptcy estate because, if it was, it has been abandoned by the Trustee, making the abandonment issue moot as well as effecting statutory termination of the balance of any automatic stay of actions under § 362(a) as against property of the estate. *See* 11 U.S.C. § 362(c)(1).

Based on the foregoing, and for the reasons otherwise stated by the court at the hearing, the motion no longer presents any ripe issue for this court to decide. It will therefore be denied as moot and without prejudice on procedural grounds only.

**IT IS, THEREFORE, ORDERED** that the Motion for Relief from Stay and Abandonment [Doc. # 23] filed by Craig Kosmyna is denied, without prejudice and as moot.

###